## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **OLIVIA DANIELS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.** CIV-14-1326-HE |
| | ) | |
| **THE STATE OF OKLAHOMA,** | ) | |
| *ex rel.* **Oklahoma Health Care** | ) | |
| **Authority,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

## I. PRELIMINARY STATEMENT

1.    This is a civil action alleging employment discrimination based upon race and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII").

## II. PARTIES

2.    Plaintiff, Olivia Daniels, resides in Oklahoma City, Oklahoma, and was employed and discharged by Defendant in Oklahoma City, within the Western District of Oklahoma.

3.    Defendant, State of Oklahoma, *ex rel.* Oklahoma Health Care Authority, is a state agency with offices and facilities in Oklahoma City.

## III. JURISDICTION AND VENUE

4.    This Court has federal question jurisdiction under 28 U.S.C. § 1331 and

42 U.S.C. § 2000e-5(f)(3).

5.     Venue is proper under 42 U.S.C. § 2000e-5(f)(3).

### IV.  CONDITIONS PRECEDENT

6.     On or about June 24, 2014, Plaintiff timely filed a perfected charge with the Equal Employment Opportunity Commission ("EEOC") complaining of employment discrimination by Defendant based upon race and retaliation, in violation of Title VII.

7.     The EEOC issued a notice of right to sue dated September 4, 2014, to Plaintiff; this lawsuit is filed within ninety (90) days of Plaintiff's receipt of said notice; and Plaintiff has therefore exhausted her administrative remedies under Title VII.

### V.  FACTUAL ALLEGATIONS

8.     Defendant is a covered employer under Title VII and is subject to the requirements imposed upon employers thereunder.

9.     Plaintiff is a black female.

10.    Plaintiff was employed continuously by Defendant from on or about April 4, 2008, until June 3, 2014, when she was discharged by Defendant.

11.    During Plaintiff's employment by Defendant, she had been subjected to continuous discrimination by Defendant since July 2012, and was subjected to unequal terms and conditions of employment, including, without limitation, disparity in pay, imposition of different performance standards and discipline, and discharge.

12.    Plaintiff was well qualified for her positions held with Defendant based upon her education and prior job experience. Plaintiff began working for Defendant as

an Assistant Human Resources Coordinator 1, and held such position for over two years. In August 2010, Plaintiff assumed the duties of Civil Rights Officer for Defendant. In such capacity, Plaintiff was responsible for, among other things, insuring compliance by Defendant with anti-discrimination laws and resolving civil rights complaints in conjunction with Defendant's Human Resources Department and Legal Department.

13.     Plaintiff performed her assigned job duties while employed by Defendant in a satisfactory manner, and prior to her discharge had received no poor evaluations, written reprimands, suspensions, or any other disciplinary action.

14.     On or about May 12, 2014, Plaintiff complained to her supervisor, Nicole Nantois, Chief of Legal Services, and to Nico Gomez, Chief Executive Officer, that Kara Kearns, Human Resources Director, had interfered with a Title VII investigation regarding a complaint of racial harassment and hostile work environment.

15.     Plaintiff was subsequently discharged from employment with Defendant on June 3, 2014. The individuals responsible for making the termination decision were Nantois and Gomez, both non-black.

16.     Defendant alleged that Plaintiff was discharged because she committed fraud by falsifying her time sheet, and because of dereliction of duties by failing to inquire whether the new building Defendant moved into had adequate property insurance coverage. These were the reasons given to Plaintiff at the time of her discharge.

17.     Non-black employees who submitted false time sheets or engaged in similar

offenses were not discharged, but instead were either allowed to correct their time sheets, change the category explaining the absence, and/or received no discipline or lesser discipline. For example, a non-black employee routinely clocked in for another non-black employee who was not at work. These two employees received a suspension, but were not discharged. Another non-black employee used sick leave while missing work with Defendant to work at another business cutting hair. This employee, when caught, was allowed to change her claimed leave to annual leave and was not disciplined. Defendant used a progressive discipline policy for non-black employees but discharged Plaintiff.

18.     Defendant also alleged that Plaintiff was derelict in her duties because she had failed to provide adequate property insurance in the event of a loss in regard to Defendant's relocation to a new building. Numerous other employees failed to take steps to provide for insurance coverage, and these employees were not disciplined. Furthermore, Defendant knew of the alleged problem, at the very latest, in early May 2014, and no communication was made to Plaintiff about the alleged problem in her performance until the time of her discharge on June 3, 2014.

19.     Based upon the above facts, the reasons given by Defendant for Plaintiff's adverse treatment, including discharge, are pretextual, and the real reasons for the adverse treatment and discharge are her race and retaliation because Plaintiff opposed illegal discrimination.  Motivating factors in Defendant's adverse actions taken against Plaintiff, including discharge, were her race and/or retaliation.

20.     As a result of Defendant's actions, Plaintiff has sustained loss of

4

employment, loss of wages, loss of benefits and other compensation, loss of future wages and other compensation, and has suffered other compensatory damages, including, without limitation, loss of dignity, humiliation, stress, worry, and loss of enjoyment of life.

21.     All adverse actions taken by Defendant against Plaintiff were done intentionally, willfully, maliciously, or in reckless disregard for the rights of Plaintiff.

## VI.  FIRST CAUSE OF ACTION: VIOLATION OF TITLE VII

22.     Plaintiff incorporates hereunder by reference paragraphs 1-21, as set forth above.

23.     Plaintiff was protected from employment discrimination due to her race and retaliation under Title VII.

24.     Motivating factors for the adverse treatment, including Plaintiff's discharge, were Plaintiff's race and/or retaliation.

25.     Defendant's adverse employment actions taken against Plaintiff violate Title VII, and Plaintiff is entitled to all remedies provided by statute to a prevailing plaintiff thereunder.

## VII.  JURY TRIAL REQUESTED

26.     Plaintiff is entitled to a jury trial as to each and every cause of action or claim asserted herein, and Plaintiff hereby requests a jury trial.

## VIII.  <u>PRAYER FOR RELIEF</u>

27.     Plaintiff prays for judgment as follows:

A.      Payment of back wages, benefits, and compensation;

B.      All compensatory and consequential damages, including but not limited to, loss of dignity, humiliation, stress, worry, and loss of enjoyment of life;

C.      Declaratory and injunctive relief as appropriate;

D.      Reinstatement to employment with Defendant, or future pay in lieu thereof;

E.      Pre-judgment and post-judgment interest; and,

F.      Attorney's fees, costs and such other and further relief as the Court deems reasonable and proper.

s/ Raymond C. Durbin
OBA No. 2554
Attorney for Plaintiff
601 N.W. 13th Street
Oklahoma City, Oklahoma 73103-2213
Phone:      (405) 521-0577
Fax:         (405) 525-0528
Email:      durbinlaw@flash.net

**JURY TRIAL DEMANDED.**
**ATTORNEY LIEN CLAIMED.**